### In re Earl J. TRIMBLE, Individually, Debtor.

### Bankruptcy No. 79–02101T.

United States Bankruptcy Court, E. D. Pennsylvania.

Jan. 22, 1981.

Michael P. Kane, Lancaster, Pa., for debtor.

Jacques H. Geisenberger, Jr., Lancaster, Pa., for Farmers First Bank.

## MEMORANDUM AND ORDER

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

Presently before the Court in the above-captioned case is an application by the debtor for approval of an agreement in settlement of litigation [1] between the debtor and a creditor, Farmers First Bank, in resolution of adversary number 80–0093, involving a complaint to determine the dischargeability of a debt.[2] For reasons hereinafter given, the application shall be dismissed.[3]

Section 524(c) requires Court approval of three types of agreements: reaffirmation (§ 524(c)(4)(A)), redemption (§ 524(c)(4)(B)) and those in settlement of § 523 litigation (§ 524(c)(4)(B)).[4] Ordinari-

1. The debtor's application is captioned "Application for Reaffirmation." At the hearing conducted pursuant to 11 U.S.C. § 524(d) (1979), the Court expressed the concern that the arrangement between the parties arrived at in settlement of adversary number 80–0093 should possibly be the subject of Court scrutiny under 11 U.S.C. § 524(c), and requested that the parties reduce their agreement to writing and submit it to the Court.

2. No trial was ever had on the Bank's complaint, which contained several alternative prayers for relief, including relief from stay and abandonment of the real estate securing the debt involved.

3. This Memorandum and Order constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

4. 11 U.S.C. § 524(c) provides:

(c) An agreement between a holder of a claim and the debtor, the consideration for

ly, for a debtor to enter a legally enforceable obligation on a pre-petition debt, the Court must first find that such an agreement is in the best interest of the debtor and would not impose an undue hardship (§ 524(c)(4)(A)), or, in the alternative, that such an agreement was entered into in good faith and in settlement of § 523 litigation or providing for § 722 redemption (§ 524(c)(4)(B)).

However, § 524(c) requires Court approval only when the proposed agreement concerns an agreement "the consideration for which . . . is based on a debt that is dischargeable in a case under [title 11 U.S. C.]. . . ."

 This Court entered an order on June 6, 1980 disposing of adversary matter 80–0093. The order reflected the agreement of the parties that the debt owed the creditor-plaintiff in the case, Farmers First Bank, was to be determined to be *non* dischargeable. Since, by the agreement of the parties and by Court order, such debt was determined to be nondischargeable, we conclude that any agreement between the debtor and the bank to repay the debt need *not* be presented for Court approval.

This is consistent with the Bankruptcy Code philosophy of subjecting to Court scrutiny renewal by debtors of obligations ordinarily dischargeable by virtue of the bankruptcy proceedings:

This provision is a significant factor in making bankruptcy relief an effective remedy. It ensures that a debtor will not come out of bankruptcy in the same situation as when he went in. It contributes to the debtor's fresh start. The provision prevents creditor experience in handling bankrupt debtors from overwhelming inexperienced debtors that are in a severely disadvantaged bargaining position after bankruptcy.

H.R.Rep.No.95–595, 95th Cong., 1st Sess. 164 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6125.

The debtor in this case agreed to a determination of nondischargeability of the debt to Farmers First Bank; therefore, no § 524(c) inquiry need be made, since the Court could approve the repayment of a *dischargeable* debt only. *See* H.R.Rep.No. 95–595, *supra* at 366. Moreover, when a debt is determined to be nondischargeable, the debtor is still obligated personally on that liability, notwithstanding bankruptcy, and it therefore becomes superfluous to question whether any agreement to repay the nondischargeable debt is entered into in good faith (§ 524(c)(4)(B)(i)).

Debtor's "Application for Reaffirmation" shall be and hereby is DISMISSED.

---

which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if—

(1) such agreement was made before the granting of the discharge under section 727, 1141, or 1328 of this title;

(2) the debtor has not rescinded such agreement with 30 days after such agreement becomes enforceable;

(3) the provisions of subsection (d) of this section have been complied with; and

(4) in a case concerning an individual, to the extent that such debt is a consumer debt that is not secured by real property of the debtor, the court approves such agreement as—

(A)(i) not imposing an undue hardship on the debtor or a dependent of the debtor; and

(ii) in the best interest of the debtor; or

(B)(i) entered into in good faith; and

(ii) *in settlement of litigation under section 523 of this title*, or providing for redemption under section 722 of this title [emphasis added].